# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| GEORGE A. DEMPSEY, | ) |
| Petitioner, | ) |
| v. | ) Case No. CV408-142 |
| AL ST. LAWRENCE, and the ATTORNEY GENERAL OF THE STATE OF GEORGIA, | ) |
| Respondents. | ) |

## **REPORT AND RECOMMENDATION**

Petitioner filed the instant 28 U.S.C. § 2254 petition on July 23, 2008, challenging his June 2, 2008 Chatham County Superior Court conviction for burglary, obstruction of justice, aggravated assault on a peace officer, and interference with government property. (Doc. 1.) Petitioner seeks to proceed *in forma pauperis*. (Doc. 2.) Because he has demonstrated that he is unable to pay the filing fee, leave to proceed *in forma pauperis* is **GRANTED**. Nevertheless, as it plainly appears from the face of his petition that petitioner has failed to exhaust available state remedies, the petition should be summarily **DISMISSED** without prejudice.

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." See O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."). An applicant for federal habeas relief has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Here, petitioner has not yet appealed his judgment and sentence or petitioned the state for a writ of habeas corpus. (Doc. 1 at 2.) Accordingly, by his own admission, petitioner has deprived the state courts of a fair opportunity to address his claims before bringing his petition to this Court.[1] As it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and

---

[1] Instead of appealing or petitioning for state habeas relief, petitioner filed a motion to withdraw his Alford plea with the Chatham County Superior Court on June 10, 2008. (Doc. 1 at 2.) He contends that there has been no response "as to date." (Id. at 3.) Only 45 days have passed since he filed his motion. Petitioner erroneously contends that this delay demonstrates that the superior court has "refused" to respond. (Id.) Furthermore, in order to exhaust his state remedies, petitioner must pursue "one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. This he has failed to do.

2

direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases. Accordingly, this petition should be **DISMISSED** without prejudice for lack of exhaustion.

**SO REPORTED AND RECOMMENDED** this  12th  day of September, 2008.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA