# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| GEORGE A. DEMPSEY,<br><br>Petitioner,<br><br>AL ST. LAWRENCE, and the ATTORNEY GENERAL OF THE STATE OF GEORGIA,<br><br>Respondents. | Case No. CV408-142 |

## ORDER

George Dempsey's 28 U.S.C. § 2254 petition was dismissed as unexhausted on January 28, 2009. (Doc. 23.) He has filed a motion requesting reconsideration of the ruling, alleging that he is still awaiting action from the state habeas and trial courts more than two years later so that he can fully exhaust his claims. (Doc. 28.) While Dempsey is understandably frustrated, his motion for reconsideration fails since he may still seek a writ of mandamus from the state courts.

Dempsey states that he is still awaiting a formal ruling from the state habeas court, which denied his claim on May 13, 2009 but has yet to enter an appealable order. (*Id.* at 2.) As the Eleventh Circuit explained in a strikingly similar situation:

> Upon a review of Georgia civil procedure, it appears that [petitioner] has an available state procedure in which to raise the question he presents in his habeas petition. Georgia law provides that, "[a]ll official duties should be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure to perform ... the writ of mandamus may issue to compel a due performance, if there is no other specific legal remedy for the legal rights." O.C.G.A. § 9-6-20. A writ of mandamus "is an extraordinary remedy that is only available if no other adequate legal remedy exists," *Mayo v. Head*, 280 Ga. 793, 631 S.E.2d 108, 109 (2006), however, the Georgia Supreme Court has considered mandamus proper to compel a superior court judge to schedule a hearing to consider a prisoner's state habeas motion. *Rickett v. State*, 276 Ga. 609, 581 S.E.2d 32, 33-34 (2003). . . . [And] [s]uperior court judges have the duty to enter a ruling, and notify the parties of that ruling, within 90 days, at the latest, from hearing a motion of any nature. *See* O.C.G.A. § 15-6-21. Where a judge has not issued a ruling within the period authorized by statute, "[t]he only remedies for violation of the statute are mandamus and impeachment of the judge." *Brooks v. State*, 265 Ga. 548, 458 S.E.2d 349, 352 (1995).

*Jackson v. Walker*, 206 F. App'x 967, 969 (11th Cir. 2006). Since Dempsey still may seek mandamus, he has not yet exhausted all state remedies. *Id.* Accordingly, his motion for reconsideration (doc. 28) is **DENIED**.

**SO ORDERED** this 3rd day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA